## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

ELISHA RIGGLEMAN,            )
                                 )
          **Petitioner,**       )
                                 )
**v.**                              )       **Civil Action No. 5:13-2137**
                                 )
**DEBBIE H. STEVENS,**       )
                               )
          **Respondent.**     )

## PROPOSED FINDINGS AND RECOMMENDATION

On February 7, 2013, Petitioner, acting *pro se* and incarcerated at FCI Beckley, Beaver, West Virginia, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner requests that "Case No. 5:11-cr-0124 be dismissed." (Id., p. 3.) Petitioner argues that he has "prima facie proof that Debbie H. Stevens . . . is illegal to be a SAUSA and that Case # 5:11-cr-0124 was prosecuted illegally and this makes any part of the case, or any part of the sentence and for that matter any and all of the plea bargain accepted by Ms. Irene C. Berger, to be illegal." (Id., p. 1.)

On February 19, 2013, Petitioner filed a Motion to Quash. (Document No. 5.) In support, Petitioner states as follows (Id.):

> This Petitioner has determined that a 28 U.S.C. 2241 Habeas Corpus Petition is not the proper remedy for this situation and desires to have it removed from the docket before it is held against him as to an issue of filing any future civil matters in this Court. The above matter requires a 2255 after sentencing on May 23, 2013.

## ANALYSIS

Based upon a review of Petitioner's Motion to Quash, the undersigned finds that the Motion should be construed as a Motion for Voluntary Dismissal. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by

filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary

judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without
> prejudice. But if the plaintiff previously dismissed any federal – or state – court action
> based on or including the same claim, a notice of dismissal operates as an adjudication
> on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the

court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow

voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d

1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

It is well established that prejudice to the defendant does not result from the prospect of a second

lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep.

12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the

following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in

preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient

explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion

for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise

pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting

voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and

that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g.,

Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal

prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion for Voluntary Dismissal (Document No. 5.), **DISMISS** Petitioner's Section 2241 Application (Document No. 1.) without prejudice and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se.*

Date: February 20, 2013.

R. Clarke VanDervort
United States Magistrate Judge

3